Marian F. Harrison
US Bankruptcy Judge

Dated: 08/31/09



# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALTON DWAYNE HATMAN, JR., ) | CASE NO. 309-05764 |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | JUDGE GEORGE C. PAINE, II |
| ) | |

_____

## MEMORANDUM OPINION
_____

This matter came before the Court upon a motion for relief filed by The Berry Corporation d/b/a Berry's Jewelry and Loan (hereinafter "Berry's"). Berry's asserts that the pawned items should not be considered part of the bankruptcy estate and that it should be granted relief from the automatic stay with the pawned items abandoned from the bankruptcy estate. In the alternative, Berry's argues that the Court should require that the full redemption price for the pawned items be paid in full within 60 days following the filing of the debtor's petition rather than over the life of the debtor's plan.

The following represents the Court's findings of fact and conclusions of law, pursuant to Fed. R. Bankr. P. 7052.

## I. BACKGROUND

Pre-petition, Berry's extended five secured loans to the debtor, and there is no dispute that these loans constitute pawn transactions defined by T.C.A. § 45-6-203(4)(A)(ii) as loans of money transactions. As collateral for all of these loans, the debtor pledged: (1) cross bow and case, rifle, and shotgun (loan ticket #256111); (2) a shotgun, rifle, and pistol (loan ticket #256110); (3) two shotguns (loan ticket #253735)[1]; (4) a rifle (loan ticket #249990); and (5) a pistol and revolver (loan ticket #257019). Berry's took possession of the pledged items in order to perfect its security interest therein, and it is still in possession of the pawned items.

On May 21, 2009, the debtor filed his voluntary petition under Chapter 13. When the bankruptcy petition was filed, all of the debtor's contracts with Berry's were due and already in default. These accounts remain delinquent. In the debtor's Chapter 13 plan, the debtor listed Berry's as a secured creditor and proposes to pay three of the loans over the life of the plan. Specifically, the plan includes monthly payments to Berry's on loan tickets #256111, #256110, and #253735.[2]

---

[1] At the hearing on this matter, debtor's counsel conceded that the debtor had no defense regarding this ticket.

[2] While all exhibits were stipulated to by the parties prior to the hearing, the Court notes that none were actually admitted into evidence.

## II. DISCUSSION

The sole issue before the Court is the maturity date of the pawn transactions. The debtor contends that the last date identified in the pawn tickets and due dates in the debtor's payment receipts represent the date the contracts matured, and that Berry's is required by law to hold the items for an additional 30 days. Berry's submits that the maturity date identified on the pawn tickets, which was 30 days following the pawning of the items, reflects the maturity date of the pawn transactions.

Initially, the Court notes that while the parties discussed several loan tickets at the hearing, the motion for relief only addresses the three loan tickets provided for in the debtor's plan ( #256111, #256110, and #253735). Accordingly, the Court is only considering whether relief from the automatic stay should be granted as to those items. The Court's consideration is further narrowed since debtor's counsel conceded that the debtor had no defense regarding
loan ticket #253735.

11 U.S.C. § 541(a)(1) provides that property of the bankruptcy estate is "all legal or equitable interests of the debtor in property as of the commencement of the case." Only property in which a debtor has a legal or equitable interest may be property of the estate, and although the definition of estate property contained in 11 U.S.C. § 541 is meant to be expansive, it is not meant "to enhance the nature or extent of the debtor's interest in property

3 - U.S. Bankruptcy Court, M.D. Tenn.

as that interest exists at the time a bankruptcy petition is filed." *Anderson County Bank v. Newton (In re All Chem. Isotope Enrichment, Inc.),* 127 B.R. 829, 837 (Bankr. E.D. Tenn. 1991) (citation omitted). For a court to determine the extent and scope of an estate's interest in property, the Court must look to property rights as defined by state law. *Butner v. United States,* 440 U.S. 48 (1979).

Under Tennessee law, the maturity date of the pawn transaction is defined as "the date the pawn transaction is due to be paid, which date shall not be less than thirty (30) days after the date of the pawn transaction." T.C.A. § 45-6-203(2). A pawnbroker must hold pawned goods for a minimum of 60 days. T.C.A. § 45-6-203(4)(A)(i).

For purposes of the bankruptcy laws, the debtor's rights and interest in the pawned property "during the pendency of a pawn transaction shall be deemed to be that of a right of redemption only." T.C.A. § 45-6-203(4)(B). When a debtor fails to exercise his right of redemption within the allotted time frame, the debtor loses all rights in the collateral. Specifically, T.C.A. § 45-6-211(b) provides:

> If the pledgor fails to redeem the pledged goods within thirty (30) days after the maturity date of the pawn transaction, the pledgor shall thereby forfeit all right, title and interest of, in and to the pledged goods to the pawnbroker, who shall thereby acquire an absolute title to the pledged goods and the debt becomes satisfied, and the pawnbroker shall have the authority to sell or dispose of the unredeemed pledged goods as the pawnbroker's own and may sell the unredeemed pledged goods.

On both tickets in question, there is a "maturity date" of February 9, 2009. However, the tickets indicate that "All Loans Held 90 Days - All Loans Are Renewable" and provide three dates for payment with the last due date being May 10, 2009. On the face of the tickets, it appears that the debtor had three options of when to pay off the loan, with each later date requiring a larger payment. Moreover, this is consistent with the debtor's receipts for payment which also reflect a due date of May 10, 2009. Accordingly, the Court finds that the maturity date on loan ticket #256110 and #256111 was May 10, 2009, and therefore, the debtor had 30 days beyond that date in which to redeem his property. In other words, the debtor retained his right to redemption post-petition, making such right property of the estate.

The second question is whether the debtor is allowed to provide for the redemption amount through the life of his plan or whether he must pay the entire amount immediately.

The automatic stay provisions do not toll the running of a statutory redemption period. ***Dunlap v. Cash Pawn of Nashville (In re Dunlap)***, 158 B.R. 724, 728 (M.D. Tenn. 1993) (citing ***In re Glenn***, 760 F.2d 1428, 1440 (6th Cir. 1985)). Instead, the only protection to this property for the debtor's estate is through 11 U.S.C. § 108(b)(2), which grants the debtor 60 days from the date of the petition in which to redeem this property. Most importantly, full redemption must occur within this 60-day period because redemption payment cannot

be spread out over the life of a plan. *In re Dunlap*, 158 B.R. at 728 (citing *In re Glenn*, 760 F.2d at 1442-43).

In the present case, the debtor filed his bankruptcy petition on May 21, 2009, so the due date for redemption was July 20, 2009. This matter was heard on July 13, 2009, and has been under advisement. Thus, the Court finds that the debtor should be allowed an additional 15 days in which to redeem this property by paying Berry's in full. Otherwise, ownership of this property will pass to Berry's.

### III. **CONCLUSION**

Accordingly, the Court finds that Berry's motion for relief regarding the two shotguns (loan ticket #253735) should be granted and that the debtor should be allowed 15 days from the date of entry of this Memorandum Opinion and accompanying Order to redeem in full the cross bow and case, rifle, and shotgun (loan ticket #256111) and the shotgun, rifle, and pistol (loan ticket #256110).

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.